## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FELIPE NAVARRO, as Personal Representative**
**of The Estate of Angel Daniel Navarro, deceased,**

      Plaintiff,

v.                                         **No. CIV 16-1180 SMV/CG**

**STATE OF NEW MEXICO DEPARTMENT**
**OF PUBLIC SAFETY, BOARD OF**
**COMMISSIONERS FOR THE COUNTY OF**
**SOCORRO, OFFICER FRANCIS ALGUIRE,**
**individually, OFFICER JOSE CARLOS,**
**individually, SHERIFF WILLIAM ARMIJO,**
**individually, JOHN DOES 1-10, JANE DOES 1-10,**

      Defendants.

### COUNTY DEFENDANTS' ANSWER TO COMPLAINT FOR VIOLATIONS OF  CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983, FOR VIOLATIONS OF THE NEW MEXICO TORT CLAIMS ACT AND FOR DAMAGES

      Defendants, Board of Commissioners for the County of Socorro and Sheriff William Armijo (collectively referred to as "County Defendants"), through their attorneys, Robles, Rael & Anaya, P.C. (Luis Robles), hereby state the following for their Answer to the Estate Complaint for Violations of Civil Rights Pursuant to 42 U.S.C. §1983, for Violations of the New Mexico Tort Claims Act and for Damages ("Complaint"):

### JURISDICTION AND VENUE

      1.     County Defendants admit the allegations made in paragraph 1 of the Estate's Complaint.

      2.     County Defendants deny the allegations made in paragraph 2 of the Estate's

Complaint.

3.      County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 3 of the Estate's Complaint and, therefore, deny these allegations.

4.      County Defendants deny the allegations made in paragraph 4 of the Estate's Complaint.

## PARTIES

5.      County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 5 of the Estate's Complaint and, therefore, deny these allegations.

6.      In response to the allegations made in paragraph 6 of the Estate's Complaint, County Defendants admit that  Defendant Officer Francis Alguire is sued in his individual capacity.  County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 6 of the Estate's Complaint and, therefore, deny these allegations.

7.      In response to the allegations made in paragraph 7 of the Estate's Complaint, County Defendants admit that  Defendant Officer Jose Carlos is sued in his individual capacity.  County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 7 of the Estate's Complaint and, therefore, deny these allegations.

8.      In response to the allegations made in paragraph 8 of the Estate's Complaint, County Defendants admit that  Defendant Sheriff William Armijo is sued in his individual capacity and that,

at all relevant times, he was acting within the scope of his duties and under color of law.   County Defendants deny the remaining allegations made in paragraph 8 of the Estate's Complaint.

9.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 9 of the Estate's Complaint and, therefore, deny these allegations.

10.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 10 of the Estate's Complaint and, therefore, deny these allegations.

11.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 11 of the Estate's Complaint and, therefore, deny these allegations.

12.     In response to the allegations made in paragraph 12 of the Estate's Complaint, County Defendants admit that the Board of Commissioners for the County of Socorro is a governmental entity and a local  public body as those terms are defined in the New Mexico Tort Claims Act but deny the remaining allegations made in paragraph 12 of the Estate's Complaint.

## FACTUAL BACKGROUND

13.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 13 of the Estate's Complaint and, therefore, deny these allegations.

14.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 14 of the Estate's Complaint and, therefore, deny these allegations.

15.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 15 of the Estate's Complaint and, therefore, deny these allegations.

16.     County Defendants admit the allegations made in paragraph 16 of the Estate's Complaint that, on May 26, 2016, Mr. Navarro was traveling south on Interstate 25 in Socorro County near San Antonio, New Mexico.  County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 16 of the Estate's Complaint and, therefore, deny these allegations.

17.     County Defendants admit the allegations made in paragraph 17 of the Estate's Complaint that New Mexico State Police Officers and Sheriff William Armijo started a pursuit of Mr. Navarro based on information that he had committed a crime.  County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 17 of the Estate's Complaint and, therefore, deny these allegations.

18.     County Defendants admit the allegations made in paragraph 18 of the Estate's Complaint that Mr. Navarro was stopped by Defendants Alguire, Carlos and Armijo.  County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 18 of the Estate's Complaint and, therefore, deny these allegations.

19.     County Defendants deny the allegations made in paragraph 19 of the Estate's Complaint.

20.     County Defendants deny the allegations made in paragraph 20 of the Estate's Complaint.

4

21.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 21 of the Estate's Complaint and, therefore, deny these allegations.

22.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 22 of the Estate's Complaint and, therefore, deny these allegations.

23.     County Defendants deny the allegations made in paragraph 23 of the Estate's Complaint.

24.     County Defendants deny the allegations made in paragraph 24 of the Estate's Complaint.

25.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 25 of the Estate's Complaint and, therefore, deny these allegations.

26.     County Defendants deny the allegations made in paragraph 26 of the Estate's Complaint.

27.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 27 of the Estate's Complaint and, therefore, deny these allegations.

28.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 28 of the Estate's Complaint and, therefore, deny these allegations.

29.     County Defendants deny the allegations made in paragraph 29 of the Estate's

Complaint.

30.     County Defendants deny the allegations made in paragraph 30 of the Estate's Complaint.

31.     County Defendants deny the allegations made in paragraph 31 of the Estate's Complaint.

## COUNT I
## EXCESSIVE FORCE BY DEFENDANTS ALGUIRE, CARLOS AND ARMIJO
## IN VIOLATION OF 42 U.S.C. §1983

32.     County Defendants reallege all of their previous and subsequent answers to the Estate's Complaint as their answer to paragraph 32 of the Estate's Complaint.

33.     County Defendants deny the allegations made in paragraph 33 of the Estate's Complaint.

34.     County Defendants admit the allegation made in paragraph 34 of the Estate's Complaint that Sheriff William Armijo acted under color of law when he discharged his firearm at Mr. Navarro but deny the remaining allegations made in paragraph 34 of the Estate's Complaint as they pertain to Sheriff Armijo.   County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 34 of the Estate's Complaint as they pertain to the other individual Defendants and, therefore, deny these allegations.

35.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 35 of the Estate's Complaint and, therefore, deny these allegations.

36.     County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 36 of the Estate's Complaint and, therefore, deny

these allegations.

37.     County Defendants deny the allegations made in paragraph 37 of the Estate's Complaint.

38.     County Defendants deny the allegations made in paragraphs 38a-38c of the Estate's Complaint.

39.     County Defendants deny the allegations made in paragraph 39 of the Estate's Complaint.

40.     County Defendants deny the allegations made in paragraph 40 of the Estate's Complaint.

**COUNT II**
**VIOLATIONS OF THE NEW MEXICO TORT CLAIMS ACT AGAINST**
**DEFENDANTS ALGUIRE, CARLOS AND ARMIJO**

41.     County Defendants reallege all of their previous and subsequent answers to the Estate's Complaint as their answer to paragraph 41 of the Estate's Complaint.

42.     In response to the allegations made in paragraph 42 of the Estate's Complaint, County Defendants admit that Sheriff Armijo discharged his firearm at Mr. Navarro but deny the remaining allegations made in paragraph 42 of the Estate's Compliant as they pertain to Sheriff Armijo. County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 42 of the Estate's Complaint as they pertain to the other individual Defendants and, therefore, deny these allegations.

43.     In response to the allegations made in paragraph 43 of the Estate's Complaint, County Defendants admit Sheriff Armijo exercised lawful authority when he participated in the traffic stop of Mr. Navarro and ordered him to exit his vehicle, but deny the remaining allegations made in

7

paragraph 43 of the Estate's Complaint as they pertain to Sheriff Armijo.

44.    County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 44 of the Estate's Complaint and, therefore, deny these allegations.

45.    County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 45 of the Estate's Complaint and, therefore, deny these allegations.

46.    County Defendants deny the allegations made in paragraph 46 of the Estate's Complaint.

47.    County Defendants deny the allegations made in paragraph 47 of the Estate's Complaint.

48.    County Defendants deny the allegations made in paragraph 48 of the Estate's Complaint.

### COUNT III
### LIABILITY OF DPS AND THE COUNTY
### BASED ON *RESPONDEAT SUPERIOR*

49.    County Defendants reallege all of their previous and subsequent answers to the Estate's Complaint as their answer to paragraph 49 of the Estate's Complaint.

50.    County Defendants have neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 50 of the Estate's Complaint and, therefore, deny these allegations.

51.    County Defendants deny the allegations made in paragraph 51 of the Estate's Complaint.

52.     County Defendants hereby deny each and every allegation not specifically admitted in their Answer, including any allegations made in the Estate's prayer for relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

None of the actions described in the Estate's Complaint constitute a violation of Mr. Navarro's constitutional or statutory rights by Defendant Sheriff William Armijo.

### Second Affirmative Defense

Defendant Sheriff William Armijo's actions in this case were objectively reasonable under the circumstances and did not violate any of Mr. Navarro's clearly established constitutional rights, thereby entitling Sheriff Armijo to qualified immunity.

### Third Affirmative Defense

The Estate's Complaint seeks to impose duties on County Defendants that are not required by law.

### Fourth Affirmative Defense

The Estate has alleged a number of causes of action which fail to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### Fifth Affirmative Defense

Certain of the Estate claims are barred or limited by the provisions of the New Mexico Tort Claims Act.

### Sixth Affirmative Defense

The Estate may have failed to serve County Defendant with a tort claim notice within ninety (90) days from the date that his claims against County Defendants began to run, as required under

the New Mexico Tort Claims Act.

### Seventh Affirmative Defense

Under 42 U.S.C. § 1983, punitive damages are not recoverable against the County.

### Eighth Affirmative Defense

Under the New Mexico Tort Claims Act, punitive damages and attorney fees are not recoverable against any County Defendant.

### Ninth Affirmative Defense

Mr. Navaro's injuries, if any, were proximately caused by an independent intervening cause for which County Defendants are not liable.

### Tenth Affirmative Defense

The sole and proximate cause of any damages to Mr. Navaro, if any exist, were his own intentional and/or negligent acts, and his damages, if any, must be reduced proportionately.

### Eleventh Affirmative Defense

If the Estate incurred any damages, which is expressly denied, Mr. Navaro failed to mitigate his damages.

### Twelfth Affirmative Defense

County Defendants reserves the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this answer.

### JURY DEMAND

County Defendants demand a trial by jury for all claims which may be tried by a jury.

**WHEREFORE**, County Defendants respectfully request that this Court dismiss the Estate's

Complaint for Violations of Civil Rights Pursuant to 42 U.S.C. §1983, for Violations of the New Mexico Tort Claims Act and for Damages with prejudice, award County Defendants their attorneys' fees and costs, and for all other relief this Court deems just and proper.

Respectfully submitted,

ROBLES, RAEL & ANAYA, P.C.

By:      /s/ Luis Robles
         Luis Robles
         Attorneys for County Defendants,
         500 Marquette Ave., NW, Suite 700
         Albuquerque, New Mexico  87102
         (505) 242-2228
         (505) 242-1106 (facsimile)
         Luis@roblesrael.com

I hereby certify that on this 1st day of November, 2016, the foregoing was served via the CM/ECF system to the following:

Erika E. Anderson
Law Offices of Erika E. Anderson
201 Third Street NW, Suite 500
Albuquerque, NM 87102
Phone: (505) 944-9039
Fax:     (505) 944-9091
Email: erika@eandersonlaw.com

and

11

Louren Oliveros
Robert J. Gorence
Christina Cavaleri
Gorence & Oliveros, P.C.
1305 Tijeras Ave., NW
Albuquerque, NM 87102
Phone: (505) 244-0214
Fax:    (505) 244-0888
oliverson@golaw.us
gorence@golaw.us
cavaleri@golaw.us

Attorneys for Plaintiff

Mark D. Standridge
Jarmie & Associates
Attorneys at Law
P.O. Box 344
Las Cruces, NM 88004
(575) 526-3338
(575) 526-6791 (fax)
mstandridge@jarmielaw.com

Attorneys for NMDPS Defendants


/s/ Luis Robles
Luis Robles