IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIPE NAVARRO,

    Plaintiff,

v.                                                                   CV No. 16-1180 MCA/CG

STATE OF NEW MEXICO DEPARTMENT
OF PUBLIC SAFETY, et al.,

    Defendants.

## ORDER GRANTING MOTION TO COMPEL PLAINTIFFS TO AMEND EXPERT WITNESS DISCLOSURE

**THIS MATTER** is before the Court on Defendants Board of Commissioners for the County of Socorro and Sheriff William Armijo's ("County Defendants") *Motion to Compel Plaintiffs to Amend its Expert Witness Disclosure* (the "Motion"), (Doc. 124), filed September 6, 2017; Plaintiff's *Response to the County Defendants' Motion to Compel Plaintiffs to Amend its Expert Witness Disclosure* (the "Response"), (Doc. 126), filed September 14, 2017; and the County Defendants' *Reply in Support of Motion to Compel Plaintiffs to Amend Expert Witness Disclosure* (the "Reply"), (Doc. 127), filed September 21, 2017. After reviewing the parties' filings and the relevant law, the Court finds that the Motion is well-taken and should be **GRANTED**.

### I. Background

In the Motion, County Defendants argue that Plaintiff's expert report for Walter K. Lierman, Ph.D., is deficient because it does not include a complete list of case names in which Dr. Lierman has testified over the last four years. (Doc. 124 at 2). Specifically, the list does not include all the courts in which Dr. Lierman testified or all the case numbers as required by Fed. R. Civ. P. Rule 26. *Id*. at 2-3. County Defendants offered Plaintiff

extensions, sent a good faith letter, and allowed Plaintiff to supplement his report. *Id.* County Defendants argue they will be prejudiced in their upcoming deposition of Dr. Lierman if they do not receive the case names, courts where the testimony occurred, case numbers, and whether the testimony was given at a deposition, trial, or both, for all cases in which Dr. Lierman testified in the last four years. *Id.* at 5-6 (citing *Franklin v. U.S.*, CV No. 12-1167 KBM/CEG, 2013 WL 11336865, at *2 (D.N.M. Dec. 18, 2013)).

Plaintiff first responds that because the Motion does not include a good-faith request for Plaintiff's concurrence, the Motion should be denied. (Doc. 126 at 3) (citing D.N.M.LR-Civ. 7.1). On the merits, Plaintiff states Dr. Lierman does not possess the requested information and that Plaintiff and Dr. Lierman cannot be compelled to produce information they do not possess. *Id.* at 3. Further, Plaintiff argues, he conducted an extensive search for the information requested by the County Defendants and was unable to find it; thus, Plaintiff should not be compelled to produce the information. *Id.* at 4. Finally, Plaintiff states he will update Dr. Lierman's resume with three more case numbers, attempt to find the information again, and provide County Defendants with the names of the attorneys Dr. Lierman worked with so County Defendants can contact those attorneys and obtain the information themselves. *Id.*

In reply, the County Defendants dispute that their Motion does not comply with D.N.M.LR-Civ. 7.1, as the Motion includes how County Defendants attempted to avoid filing the Motion. (Doc. 127 at 2-3). County Defendants also argue that Dr. Lierman's testimony should be excluded for Plaintiff's failure to disclose the requested information. *Id.* at 3-7. County Defendants argue Plaintiff's failure is not substantially justified or harmless, therefore Dr. Lierman should be barred as an expert witness. *Id.* If Plaintiff is

2

allowed a further opportunity to comply with Rule 26, they ask that Plaintiff be given no more than three business days; otherwise County Defendants will not have sufficient time to prepare for Dr. Lierman's deposition on October 3, 2017. *Id.* at 7.

**II.     Analysis**

   *a.   Failure to include a good-faith request for concurrence*

First, although County Defendants' Motion describes their efforts to avoid having to file the Motion, it does not appear to include a "good-faith request for concurrence," as required by local rule. D.N.M.LR-Civ. 7.1(a). However, the rule provides that a Court "may" deny a motion without a recitation, not that it must. *Id.* County Defendants have stated their efforts to avoid having to file the Motion, including offering extensions and an opportunity to supplement. Accordingly, the Court will not deny the Motion for Plaintiff's failure to include a good-faith request for concurrence.

   *b.   Required disclosure*

The Federal Rules of Civil Procedure require parties to disclose a written report prepared and signed by a witness who will provide expert testimony. Fed. R. Civ. P. 26(a)(2)(B). This report must include "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." *Id.* 26(a)(2)(B)(v). This list must include, "at a minimum," the courts, names of the parties, case numbers, and whether the testimony was at trial or by deposition. *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D. Kan. 1995); *see Franklin*, 2013 WL 11336865, at *2. An expert's failure to maintain records with the necessary information is no excuse; "[a] party may not simply retain an expert and then make whatever disclosures the expert is willing or able to make notwithstanding the known requirements of Rule 26." *Id.* at 681.

3

Further, the rule does not "contemplate[]" the burden shifting from the disclosing party to the discovering party. *Id.* at 682.

Given the rule's requirements, the Court finds that Plaintiff must disclose a full list of the cases in which Dr. Lierman testified in the last four years, including the courts in which the testimony occurred, the names of the parties, the case numbers, and whether the testimony was at trial, deposition, or both. Although Plaintiff states Dr. Lierman does not have the required information and has offered to give County Defendants information so they may research themselves, that is not enough to comply with the rule. *See id.* The Court finds it would not be unreasonable for Plaintiff to contact the attorneys Dr. Lierman worked with himself. Therefore, the Court will order Plaintiff to provide the remaining case names, numbers, and courts within three business days so County Defendants may adequately prepare for Dr. Lierman's deposition.

### c. Request to exclude Dr. Lierman

Regarding County Defendants' alternative request that the Court bar Dr. Lierman's testimony, County Defendants' Motion does argue that Dr. Lierman should be excluded if Plaintiff does not comply with Rule 26. The Motion only argues for and asks that the Court compel Plaintiff to amend his expert witness disclosure with the complete case name, number, and court where the testimony occurred. (Doc. 124 at 7). County Defendants first argue that Dr. Lierman should be excluded in their Reply. Arguments first raised in replies are not properly before the Court. *See Gutierrez v. Cobos*, 841 F.3d 895, 902-903 (10th Cir. 2016); *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). Consequently, the Court will not consider this request.

### III. Conclusion

For the foregoing reasons, the Court finds that Plaintiff is required to provide a full list of the cases in which Dr. Lierman has testified in the last four years.

**IT IS THEREFORE ORDERED** that Plaintiff must disclose a list of all case names, numbers, and courts in which Dr. Lierman has testified in the last four years and whether the testimony was taken at deposition, trial, or both. Plaintiff must do so by **Wednesday, September 27, 2017.**

**IT IS FURTHER ORDERED** that Plaintiff is required to pay County Defendants' costs and attorneys' fees associated with bringing the Motion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE