IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FELIPE NAVARRO, as Personal Representative
of the Estate of Angel Daniel Navarro, deceased,
VANESSA SOLORZANO, as Guardian of
ARIEL AMIA NAVARRO and
ISABELLA SALEEN NAVARRO, Minors,
MONICA NAVARRO,
FELIPE MEZA NAVARRO,
And FELIPE MIGUEL NAVARRO,

    Plaintiffs,                                  Case No. 2:16-cv-1180-JMC-CG

v.

STATE OF NEW MEXICO
DEPARTMENT OF PUBLIC SAFETY,
BOARD OF COMMISSIONERS
FOR THE COUNTY OF SOCORRO,
OFFICER FRANCIS ALGUIRE, Individually,
OFFICER JOSE CARLOS, Individually,
SHERIFF WILLIAM ARMIJO, Individually,
JOHN DOES 1-10, JANE DOES 1-10,

    Defendants.

**ORDER GRANTING MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15 FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; DENYING AS MOOT MOTION FOR SUMMARY JUDGMENT AND FOR QUALIFIED IMMUNITY ON PLAINTIFFS' EXCESSIVE FORCE CLAIM; DENYING AS MOOT SECOND MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' STATE LAW CLAIMS; DENYING AS MOOT MOTION FOR PARTIAL SUMMARY JUDGMENT NO. I: DISMISSAL OF FOURTH AMENDMENT EXCESSIVE FORCE CLAIM; AND DENYING AS MOOT MOTION FOR PARTIAL SUMMARY JUDGMENT NO. II: DISMISSAL OF PLAINTIFFS' STATE LAW CLAIMS**

I.        Background

On November 14, 2017, Plaintiffs filed a Motion Pursuant to Federal Rule of Civil Procedure 15 for Leave to File a Second Amended Complaint. In their motion, filed after the Scheduling Order deadline to amend pleadings, Plaintiffs seek to amend the complaint to conform to evidence obtained in discovery. Specifically, the proposed Second Amended Complaint asserts

a stand-alone cause of action against Defendants the State of New Mexico Department of Public Safety and the Board of Commissioners of the County of Socorro for negligent hiring, training, and supervision of Defendants Francis Alguire, Jose Carlos, and William Armijo.

## II. Applicable Law

Although Federal Rule of Civil Procedure 15 generally governs amendments to pleadings, Rule 16 governs amendments to scheduling orders. Where, as here, a motion to amend a pleading is filed after the scheduling order deadline, a moving party must satisfy the good cause standard of Rule 16 before turning to Rule 15. Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." The "good cause" standard of Rule 16 is "an arguably more stringent standard than the standards for amending a pleading under Rule 15." *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009). This standard "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Walker v. THI of N.M. at Hobbs Ctr.*, 262 F.R.D. 599, 603 (D.N.M. 2009). A "rough similarity" exists between the "good cause" standard of Rule 16 and the "undue delay" standard in Rule 15." *Minter*, 451 F.3d at 1205 n.4.

If Plaintiffs demonstrate good cause to extend the deadline to file a motion for leave to amend, then the motion for leave to amend is also considered under Rule 15. *Walker*, 262 F.R.D. at 603. Rule 15 provides "leave shall be freely given when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

2

III.     Analysis

In the First Amended Complaint, Plaintiffs allege the State of New Mexico Department of Public Safety and the Board of Commissioners of the County of Socorro are responsible for the hiring, training, instructing, supervising, and disciplining the individual law enforcement officer defendants. They also allege the State of New Mexico Department of Public Safety and the Board of Commissioners of the County of Socorro incorrectly informed or improperly trained the individual defendants regarding the protection of Angel Navarro's constitutional rights and the proper use of force during a felony stop. Although these allegations are not contained in a stand-alone cause of action, Defendants certainly noticed the allegations regarding negligent hiring, training, and supervision. Both the State of New Mexico Department of Public Safety and the Board of Commissioners of the County of Socorro filed summary judgment motions contending that even if Plaintiffs pled a negligent training and supervision claim, Defendants were entitled to summary judgment on that claim.[1] In addition, Plaintiffs conducted discovery on this cause of action, specifically conducting Rule 30(b)(6) depositions on training and use of force.

After Defendants filed their motions for summary judgment, Plaintiffs filed the present motion for leave to amend to add a stand-alone cause of action for negligent hiring, training and supervision. Plaintiffs assert this amendment will conform the pleadings to the evidence obtained during discovery and, more specifically, through the Rule 30(b)(6) depositions, which took place between May 2017 and August 2017. Moreover, they contend their proposed amendment is not futile and not requested on the eve of trial considering the Court has not set a trial date.

---

[1] Plaintiffs' Second Amended Complaint does little more than flesh out allegations contained in the First Amended Complaint that Defendants recognized and fully briefed in their summary judgment motions. Thus, Defendants will not be prejudiced by the more carefully pled Second Amended Complaint which incorporates some additional facts obtained during discovery.

The State of New Mexico Department of Public Safety and the Board of Commissioners of the County of Socorro filed separate responses. They assert Plaintiffs failed to meet the good cause standard of Rule 16, arguing the motion is untimely and will unduly delay this civil action, given the Scheduling Order's deadline of February 17, 2017 to move to amend pleadings and deadline of September 1, 2017 for the close of discovery. They also contend amendment is futile and they will be prejudiced because of the amendment. Finally, they express concern regarding case management, specifically mentioning cost and delay in bringing the case to trial. These arguments are without merit.

Under the facts of this case, Plaintiffs satisfy Rule 16(b)'s good cause standard. Plaintiffs diligently attempted to meet the deadlines and adequately explained the delay. Undoubtedly, Plaintiffs knew some of the alleged facts underlying their failure to train claim prior to filing their motion — and they pled them. Defendants, however, cannot show Plaintiffs knew an amendment to their complaint was needed prior to the amendment deadline. Moreover, Plaintiffs indicated they did not know of the detailed facts they now seek to add to the complaint at the time they filed their First Amended Complaint and at the amendment deadline.

Plaintiffs' amendments derive from discovery which occurred after the amendment deadline. This Court notes the parties were on notice of the claim. They conducted discovery on this issue and briefed it in summary judgment. Moreover, no trial date is set. For these reasons, good cause exists under the facts and circumstances of this case to allow amendment. *Compare Minter*, 451 F.3d at 1207 (granting plaintiffs' motion to amend three weeks before trial because it arose in response to late discovery disclosures) *with McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (denying leave to amend because plaintiff was aware of the information on which the proposed amendment was based prior to the filing of the complaint).

The Court now turns to Rule 15. As discussed in the preceding paragraph, under the facts of this case, the motion for leave to amend is timely. The amendment seeks to augment an existing claim after learning of the additional information in depositions taken after the amendment date.

Defendants will not be unduly prejudiced by Plaintiffs' amendment. Prejudice exists where the amendment unfairly impacts defendants in terms of preparing their defense to the amendment. *Minter*, 451 F.3d at 1208. This occurs often "when the amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Although a defendant may experience some "practical prejudice resulting from an amendment," that is not the test this Court applies. *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). Nor does the fact that a non-moving party might have prevailed but for the amendment control this Court's analysis. *Id.* Rather, the issue turns on "whether the allowing of the amendment produced a grave injustice to the defendant." *Id.*

Here, Plaintiffs' amendment does not create undue prejudice. Defendants claim Plaintiffs "are attempting to game the Court and hedge their position, recharacterizing claims when faced with resistance," which amounts to "shifting sands litigation tactics indicative of bad faith under Rule 15." This argument is, however, without merit. The amendment does not add a claim, but rather augments an existing claim made against the State of New Mexico Department of Public Safety and the Board of Commissioners of the County of Socorro. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (concluding no prejudice existed were the petitioner's amended claims "track the factual situations set forth in his [original] claims"); *see also Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) (holding district court's refusal to allow amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"). And Defendants cannot credibly contend otherwise —

having previously briefed the precise issues clarified by the amendment in their motions for summary judgment.

Moreover, any objections on expended time and resources must fail as well. *Bylin*, 568 F.3d at 1230–31 (noting "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice"). The Court further notes trial is not set in this matter and the amendment will not precipitate additional discovery. Accordingly, this Court concludes granting Plaintiffs' motion will not cause undue prejudice.

Finally, the amendment of the Complaint is not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). This Court will not conduct an analysis of the evidence on this theory of Plaintiffs' case at this stage of the proceedings and does not rule on the merits of the claim at this time. Plaintiffs allege sufficient facts to state a claim for negligent hiring, training, and supervision in their proposed Second Amended Complaint. *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). Accordingly, Plaintiffs' proposed amendment is not futile.

IV. Conclusion

For the reasons set forth above, this Court GRANTS Plaintiffs' Motion Pursuant to Federal Rule of Civil Procedure 15 for Leave to File a Second Amended Complaint (Doc. 144).[2] Because Defendants' motions for summary judgment relate to the First Amended Complaint, this Court DENIES AS MOOT the Motion for Summary Judgment and for Qualified Immunity on Plaintiffs' Excessive Force Claim (Doc. 130); DENIES AS MOOT the Second Motion for Summary Judgment on Plaintiffs' State Law Claims (Doc. 131); DENIES AS MOOT the Motion for Partial Summary Judgment No. I: Dismissal of Fourth Amendment Excessive Force Claim (Doc 140);

---

[2] The Court's conclusion is consistent with decisions from this district. *Walker v. THI of N.M. at Hobbs Ctr.*, 262 F.R.D. 599, 603 (D.N.M. 2009).

DENIES AS MOOT the Motion for Partial Summary Judgment No. II: Dismissal of Plaintiffs' State Law Claims (Doc. 141).

Defendants are DIRECTED to file any motions for summary judgment related to the Second Amended Complaint on or before **June 22, 2018**. Plaintiffs shall file any response to the renewed motions for summary judgment on or before **July 6, 2018**. Defendants thereafter shall file any reply memoranda on or before **July 20, 2018**.

Any renewed motions for summary judgment and responses shall address the United States Supreme Court's decision in *Kisela v. Hughes*, 138 S.Ct. 1148 (2018).

Plaintiffs are DIRECTED to file the Second Amended Complaint by **June 11, 2018**.

IT IS SO ORDERED.

    Entered for the Court
    this the 8th day of June, 2018

    /s/ Joel M. Carson III_____
    Joel M. Carson III
    United States Circuit Judge
    Sitting by Designation